JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB 13 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 713

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE FIRST COMMODITY CORP. OF BOSTON CUSTOMER ACCOUNTS LITIGATION

TRANSFER ORDER*

This litigation presently consists of four actions pending in two federal districts: two actions each in the Northern District of California and the Northern District of Illinois. Before the Panel is a motion, as amended, by the plaintiffs in one California action (Riley), to centralize the actions in a single district, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings.[1/] Movants suggest the Northern District of California, the District of Massachusetts or the District of the District of Columbia as the appropriate transferee forum. Defendant First Commodity Corporation of Boston (First Commodity) and seven individual defendants favor centralization in the District of the District of Columbia or, secondarily, the District of Massachusetts. Plaintiffs in the two Illinois actions favor centralization in the Northern District of Illinois. Plaintiff in one Massachusetts potential tag-along action favors centralization in the District of Massachusetts. Plaintiff in one California action (Kay) opposes inclusion of Kay in centralized pretrial proceedings.

---

\*   Judge Louis H. Pollak took no part in the decision of this matter.

[1/]   One other action -- Edward M. McCreery v. First Commodity Corporation of Boston, et al., W.D. Pennsylvania, C.A. No. 86-2052 -- was included in movants' first amended motion under Section 1407. This action, however, was subsequently settled and dismissed and has been expressly deleted by movants from their second amended motion.

In addition to the four actions before the Panel, certain defendants have recently advised the Panel of the pendency of 26 related actions in nineteen federal districts, as follows: five actions in the District of Massachusetts; two actions each in the Northern District of Illinois, the Eastern District of Michigan and the Northern District of Ohio; and one action each in the Northern District of California, the District of New Hampshire, the District of Colorado, the Western District of Missouri, the Southern District of Georgia, the Eastern District of Oklahoma, the District of Connecticut, the Western District of Michigan, the District of New Jersey, the Southern District of Ohio, the Eastern District of Wisconsin, the District of Kansas, the Western District of Oklahoma, the Eastern District of New York and the Northern District of Alabama. These actions will be treated as potential tag-along actions. See Rules 9 and 10, R.P.J.P.M.L., 89 F.R.D. 273, 278-80 (1981).

On the basis of the papers filed and the hearing held, the Panel finds that transfer of Riley and the two Illinois actions to the District of Massachusetts for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These three actions share numerous factual questions concerning alleged fraudulent conduct by defendant First Commodity in the solicitation and management of customer commodities accounts. Centralization of these actions under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

On the basis of the record before us, we are not persuaded that Kay should be included in centralized pretrial proceedings under Section 1407. Although Kay shares questions of fact with the other actions in this litigation, plaintiff in Kay represents that discovery in her action has been completed and trial is scheduled for May 4, 1987. In reliance upon this representation, we conclude that transfer of Kay to the District of Massachusetts at this time would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation.

We are persuaded that the District of Massachusetts is the appropriate transferee district in this docket. We note that 1) defendant First Commodity is headquartered in Boston, and thus many relevant witnesses and documents are likely to be found there; 2) numerous parties in this matter have mentioned the District of Massachusetts as an acceptable transferee forum; and 3) according to the representations of certain defendants, five potential tag-along actions are already pending in the District of Massachusetts.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action entitled Elizabeth Kay, etc. v. First Commodity Corp., et al., N.D. California, C.A. No. C-85-1395, be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A be, and the same hereby are, transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Mark L. Wolf for coordinated or consolidated pretrial proceedings.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-713 -- In re First Commodity Corp. of Boston Customer
        Accounts Litigation</u>

<u>Northern District of California</u>

<u>Alice L. Riley, et al. v. First Commodity Corp. of Boston,
    et al.</u>, C.A. No. C-86-5469-SC

<u>Northern District of Illinois</u>

<u>Stephen R. Hoogheem v. First Commodity Corp. of Boston,
    et al.</u>, C.A. No.86-C-6433

<u>Elizabeth Julkowski, etc. v. First Commodity Corp., et al.</u>,
    C.A. No. 84-C-10604